## INDUSTRIAL BANK OF COMMERCE v. MILLER.

### No. 85, Docket 21118.

United States Court of Appeals
Second Circuit.

Dec. 16, 1948.

Henry W. Parker, of New York City, for appellant.

Hyman Hecker, of White Plains, N. Y., for appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

PER CURIAM.

The Industrial Bank of Commerce, a creditor of the bankrupt, objected to the bankrupt's discharge upon the ground that he had made a materially false statement in writing when obtaining a loan from another creditor, the Employees Personal Loan Company. The issue is of the bankrupt's good faith, and the referee found in his favor. One reason for this finding was that the bankrupt had told the creditor, when he borrowed the money, that he wanted it to pay his income tax; and possibly his testimony may be so understood, although all that he actually testified to was that he "wanted" the money for that purpose. Moreover, he was contradicted even as to this by an employee of the lender, who said that he had told her that he wanted it for "school expenses." On the other hand, he certainly told the objecting creditor when he borrowed from it four months later, that he wanted the money to pay his tax; and it seems a little strange that he should have suppressed the same fact in the preceding September. It is of course true that the paper which he signed, declaring that he had no "debts or liabilities," was false; but that is not necessarily inconsistent with his good faith. He was a railway conductor, not versed in such terms; and it is significant that on the stand he gave as an excuse for not thinking that the "Internal Revenue would be a creditor", that he "didn't buy anything of them." We doubt whether most people, unlearned in the law, think of a tax as a "debt," and "liability" is a word of vague legal connotation, which we should not expect them to grasp clearly. However, it is not necessary for us to decide whether, had we seen the bankrupt, we should have found that he carried his burden of proving good faith. All that is before us is whether the referee's finding that he succeeded in doing so was "clearly erroneous"; that is, whether his appearance on the stand, no matter how reassuring it was as to his honesty, could not have overborne the evidence against him. We are not prepared to go so far.

Order affirmed.